## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUBLE H TRANSPORTATION, LLC, | § | CASE NO. 20-31055-hmc |
| | § | |
| DEBTOR. | § | CHAPTER 11 SUBCHAPTER V |

### ORDER CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 SUBCHAPTER V (CRAMDOWN UNDER § 1191(b))

**ON THIS DAY**, came on to be considered the Confirmation of the First Amended Plan of Reorganization For Small Business Under Chapter 11 Subchapter V as proposed by DOUBLE H TRANSPORTATION, LLC, Debtor in the above-captioned proceedings (hereinafter referred to as the "Debtor").   The First Amended Plan of Reorganization For Small Business Under Chapter 11 Subchapter V (hereinafter referred to as the "Amended Plan") was filed by the Debtor on March 19, 2021.

After consideration of the Amended Plan, the evidence presented, the certificates of mailing and service of the Amended Plan and related materials, the ballot summary filed by the Debtor, the agreements, statements, and arguments of counsel, the Memorandum of Legal Authorities In Support Of Debtor's First Amended Plan Of Reorganization, and its exhibits, together with the records and files in this Chapter 11 Subchapter V proceeding, the Court **FINDS AS FOLLOWS:**

1.      The Court has jurisdiction over this bankruptcy case, the Debtor, and the subject matter of the confirmation hearing under 28 U.S.C. §§ 157 and 1334. Confirmation of the Amended Plan is a "core proceeding" under 28 U.S.C. § 157(b)(2) and the Court has jurisdiction and authority to enter this Confirmation Order.

2.      The Debtor is a small business debtor and has properly elected treatment under Subchapter V of the Bankruptcy Code.

3.      Reasonable, adequate, and sufficient notice of the hearing on confirmation of the Amended Plan, as well as the Amended Plan voting and Amended Plan objection deadlines set by the Court, has been provided to all creditors, parties in interest, and other parties entitled to notice, and has complied with the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Bankruptcy Code.

4.      The contents of the Amended Plan (with the Additional Plan Provisions set forth below) satisfy the applicable requirements of 11 U.S.C. § 1190, and any other applicable requirements of the Bankruptcy Code.

5.      The Amended Plan (with the Additional Plan Provisions set forth below) and the Debtor have satisfied all applicable requirements for confirmation of the Amended Plan under 11 U.S.C. § 1129(a), except for 11 U.S.C. § 1129(a)(8).   However, the Amended Plan can and

should be confirmed under 11 U.S.C. § 1191(b), as the Amended Plan (with the Additional Plan Provisions set forth below) does not discriminate unfairly and is fair and equitable with respect to each impaired class of claims and interests that have not accepted the Amended Plan.

6.      The Amended Plan (with the Additional Plan Provisions set forth below) and the Debtor have satisfied any and all other requirements of the Bankruptcy Code and Bankruptcy Rules necessary to confirm the Amended Plan.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AS FOLLOWS:**

7.      The Debtor's Amended Plan as modified during this hearing, together with the Additional Plan Provisions set forth below, is hereby CONFIRMED under 11 U.S.C. § 1191(b)(cramdown). A copy of the Plan is attached hereto as Exhibit A.

8.      To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby denied.

9.      The service of the Trustee shall continue after confirmation of the Plan.   The Trustee shall make payments to creditors under the Amended Plan in accordance with 11 U.S.C. § 1194(b).   The Debtor is hereby authorized and directed to provide adequate funds to the Trustee to enable the Trustee to timely make payments to creditors and claimants as required by the Amended Plan (including the Trustee's commission), and to implement the Amended Plan in all respects.   The Trustee shall be entitled to a commission of 5% of the amount of all Trustee-made payments to creditors and claimants under the Amended Plan, and the Court finds such commission to be reasonable.   The Trustee may apply to the Court for additional compensation for post-confirmation services beyond the 5% commission on Amended Plan payments, if it becomes necessary for the Trustee to file pleadings other than requests for compensation.

10.     The Debtor will be entitled to a discharge only as provided by 11 U.S.C. § 1192 and paragraph 14. c, below.

11.     Property of the bankruptcy estate shall include all property acquired by the Debtor and all earnings from services performed by the Debtor after commencement of this bankruptcy case and before this bankruptcy case is closed, dismissed, or converted as provided by 11 U.S.C. § 1186(a), in addition to the property of the Debtor as of commencement of the bankruptcy case under 11 U.S.C. § 541.

12.     The terms of the Amended Plan (with Additional Plan Provisions set forth below) will be binding upon the Debtor, all creditors, and equity security holders, whether or not such creditors and equity holders are impaired under the Amended Plan or have accepted the Amended Plan, as provided by 11 U.S.C.§ 1141(a).

13.     Within 3 days after the Effective Date of the Amended Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Amended Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid.   Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

14.     Additional Plan Provisions. The following provisions shall apply and be added to the Amended Plan (herein "Additional Plan Provisions"), notwithstanding anything to the contrary in the Amended Plan or other provision of this Confirmation Order:

a.      All or such portion of the future earnings and other future income of the Debtor shall be submitted to the supervision and control of the Trustee as is necessary for the execution of the Amended Plan, as provided for under 11 U.S.C. § 1190(2).

b.      The Trustee on behalf of the Debtor shall distribute 100% of the

disposable income to the Class 3 general unsecured creditors, including MHC.

c.     The Trustee's pre-confirmation fees and expenses approved by the Court, shall be paid under the Amended Plan in 12 monthly installments.

d.     The period of time following which the Debtor may request a discharge of debts paid under the Amended Plan shall be 5 years after the first Amended Plan payment is due, to the extent permitted under 11 U.S.C. § 1192.

e.     The Debtor shall make payments under the Amended Plan in the total amount of at least $206,590.96 during the 5-year period beginning with the date the first Amended Plan payment is due until the end of such 5-year period, which total amount constitutes the projected disposable income of the Debtor for such 5-year period under 11 U.S.C § 1191(c)(1)(A).

15.     This Confirmation Order is a final order and the time period in which any appeal must be filed shall commence immediately upon the entry hereof.

# # #

APPROVED:

/s/ Michael R. Nevarez
Michael R. Nevarez
The Nevarez Law Firm, PC
P.O. Box 12247
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUBLE H TRANSPORTATION, LLC | § | CASE NO. 20-31055-HCM |
| | § | |
| DEBTOR | § | CHAPTER 11 SUBCHAPTER V |

---

## FIRST AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 SUBCHAPTER V

---

### MICHAEL R. NEVAREZ

**THE NEVAREZ LAW FIRM, PC**
A PROFESSIONAL CORPORATION
7362 REMCON CIRCLE
EL PASO, TEXAS 79912
TELEPHONE: (915) 225-2255
FACSIMILES: (915) 845-3405
EMAIL: MNEVAREZ@LAWOFFICESMRN.COM

ATTORNEY FOR DEBTOR-IN-POSSESSION

MARCH 19, 2021

I.   SUMMARY. ...................................................................................................... 4

    A.   Description and History of the Debtor's Business .................................... 5

    B.   Liquidation Analysis ................................................................................ 5

    C.   Ability To Make Future Plan Payments And Operate Without Further Reorganization. 5

    Debtor's Ongoing Business Operations. ........................................................ 6

    Plan Payments – Allowed Unsecured Creditors (2020-2026). ....................... 6

    Plan Payments – Allowed Secured Creditors (2020-2026). .......................... 6

    Plan Feasibility. ........................................................................................... 6

    No Further Reorganization To Be Necessary ................................................ 6

II.   CLASSIFICATION OF CLAIMS AND INTERESTS. ................................... 6

III.  TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES. ...................................... 9

    Unclassified Claims ..................................................................................... 9

    Administrative Expense Claims .................................................................... 9

        Legal Fees And Expenses ........................................................................ 9

        Subchapter V Trustee Fees .................................................................... 10

    Priority Tax Claims ................................................................................... 10

    Statutory fees ............................................................................................ 11

    Prospective Quarterly Fees ........................................................................ 11

IV.  TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN. ...................................... 11

    Class 1: Allowed Secured Claims – Bank Capital Services, LLC ............................................ 11

    Class 2: Allowed Secured Claims – Financial Pacific Leasing ............................... 12

    Class 3: Allowed Non-Priority General Unsecured Claims. ................................... 12

    Class 4: Unallowed Non-Priority Unsecured Claims. ........................................... 15

    Class 5: Equity Security Holders. ............................................................... 18

V.   ALLOWANCE AND DISALLOWANCE OF CLAIMS ...................................... 18

    Allowed Claim .......................................................................................... 18

    Disputed Claim. ........................................................................................ 18

    Unallowed Claim Or Interest. .................................................................... 18

    Delay Of Distribution On A Contested, Unallowed Or Disputed Claim. ................................. 18

    Settlement Of Contested, Unallowed, Or Disputed Claims. ................................... 19

VI.  PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES ................... 19

    Assumed Executory Contracts And Unexpired Leases. ......................................... 19

    Rejected Executory Contracts And Unexpired Leases. .......................................... 19

VII. MEANS FOR IMPLENTATION OF THE PLAN. .......................................................................... 19

    Allowed Unsecured Debt ........................................................................................................ 19

    Allowed Secured Debt .......................................................................................................... 19

VIII. GENERAL PROVISIONS ........................................................................................................ 20

    Definitions And Rules Of Construction. ................................................................................ 20

    Effective Date. ...................................................................................................................... 20

    Severability. .......................................................................................................................... 20

    Binding Effect ....................................................................................................................... 20

    Captions. ............................................................................................................................... 20

    Controlling Effect. ................................................................................................................. 20

    Corporate Governance. .......................................................................................................... 20

IX.   DEFAULT. ........................................................................................................................... 20

X.    DISCHARGE. ..................................................................................................................... 201

XI.  OTHER PROVISIONS. ........................................................................................................ 22

    Plan Compliance. .................................................................................................................. 22

    Plan Amendment. .................................................................................................................. 22

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| DOUBLE H TRANSPORTATION, LLC | § | CASE NO. | 20-31055-HCM |
| | § | | |
| DEBTOR | § | CHAPTER 11 SUBCHAPTER V | |

## FIRST AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 SUBCHAPTER V

**COMES NOW** DOUBLE H TRANSPORTATION, LLC, the Debtor and Debtor-in-Possession in the above-captioned proceedings (hereinafter referred to as "Debtor"), by and through the undersigned counsel, pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, and hereby files this "First Amended Plan of Reorganization for Small Business Under Chapter 11 Subchapter V", and for good cause in support thereof would respectfully show the Court as follows:

> **THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES. CONSULTATION WITH AN ATTORNEY FAMILIAR WITH BANKRUPTCY LAW IS STRONGLY ENCOURAGED WITH RESPECT TO THE INTERPRETATION OF PROVISIONS AFFECTING YOUR PARTICULAR CLAIM AND THOSE GENERAL PROVISIONS FOUND IN THIS DISCLOSURE STATEMENT.**

## I.     SUMMARY.

1.      On October 6, 2020, Debtor filed in this Court their emergency Voluntary Petition for Relief (hereinafter referred to as the "Petition"), as a Small Business under Chapter 11, Subchapter V of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (hereinafter referred to as the "Bankruptcy Code").

2.      Debtor is authorized to operate its business as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      This is Debtor's First Amended Plan of Reorganization (the "Amended Plan") under Subchapter V of Chapter 11 of the Bankruptcy Code setting forth (A) a brief history of the business operations of the Debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the Debtor to make payments under the proposed plan of reorganization.

**A.      Description and History of the Debtor's Business.**

4.      The Debtor-In-Possession ("Debtor") is a privately-owned entity, formed on August 27, 2015, and is registered, in good standing, as a "Limited Liability Company" in the State of Texas.

5.      On November 4, 2019, Debtor previously filed for relief under Chapter 11 of the Bankruptcy Code, under Case No. 19-31830-HCM.

6.      On September 10, 2020, the Court dismissed said Chapter 11 Case ("Dismissed Chapter 11 Case") finding that cause existed under Section 1112 of the Bankruptcy Code.

7.      The filing of the Voluntary Petition in this Chapter 11 Subchapter V case was motivated solely to avoid repossession of the Debtor's truck and trailer used in the ordinary course of business.

**B.      Liquidation Analysis**

1.      Debtor's Liquidation Analysis reflects that there would be ZERO (0%) available for distribution to allowed secured and unsecured claim holders in a Chapter 7 Liquidation.  The Liquidation Analysis is attached to this Amended Plan as Exhibit A

2.      To confirm the Amended Plan, Debtor must show that all creditors and equity interest holders who do not accept the Amended Plan will receive at least as much under the Amended Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. Although this Amended Plan provides for payment in full to all allowed secured claim holders and ZERO% of any amounts due to the unsecured claim holders.

**C.      Ability To Make Future Amended Plan Payments And Operate Without Further Reorganization.**

3.      This Amended Plan attaches a "2020 Cash Flow Statement" ("Cash Flow") detailing the actual revenue received and expenses incurred during the October through December 2020 period of this case.  (See Exhibit B attached hereto).  The Debtor's Cash Flow reflects that the Debtor is currently operating with a positive Net Disposable Income.

4.      This Amended Plan also attaches the Debtor's proposed plan payments ("Plan Payment Projections (2021-2026)") to be made by the Debtor beginning June 2021, over the next five (5) years, ending 2026.  (Exhibit C attached hereto).   The Plan Payment Projections show that the Debtor will have enough cash over the life of the Amended Plan to make the required

Amended Plan payments and profitably operate the Debtor's business. The Plan Payment Projections show that the Debtor will have sufficient projected net disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2). The final Amended Plan payment is expected to be paid on May 2026.

5. This Amended Plan attached a "Small Business Monthly Operating Report Exhibit B-1" previously filed by the Debtor in this case (DOC#54-4) depicting the monthly operating receipts and disbursement since the date of the filing of the Petition. (See Exhibit D attached hereto).

6. **Debtor's Ongoing Business Operations.** The Debtor is currently operating one (1) 2018 Kenworth T680 Sleeper Tractor, VIN 1XKYD49X9JJ191142 and one (1) 2009 Wabash Dry Van Trailer, VIN 1JJV532W59L313512. This Amended Plan proposes to make monthly Plan Payments to Bank Capital Services, LLC d/b/a F.N.B. Equipment Finance and to Financial Pacific Leasing, by retaining and operating (a) the 2018 Kenworth T680 Sleeper Tractor and (b) the 2009 Wabash Dry Van Trailer. (See Exhibit B, PPR-29 and 30). (See also Exhibit C, PPR-31 and PPR-32).

7. **Plan Payments – Allowed Unsecured Creditors (2020-2026).** As concerns all Allowed Unsecured Claims, this Amended Plan contemplates all such creditors will be paid ZERO% of any amounts due by the end of May 2026. (See Exhibit C).

8. **Plan Payments – Allowed Secured Creditors (2020-2026).** As concerns all Allowed Secured Claims, this Amended Plan contemplates all such creditors will be paid in full before the end of May 2026. (See Exhibit C).

9. **Plan Feasibility.** After payment of the above-mentioned Plan Payments, this Amended Plan contemplates the Debtor will still have a positive Net Disposable Income for the years 2021 through 2026. (See Exhibit C, PPR-75). After payment of the above-mentioned Plan Payments, the Debtor believes said positive Net Disposable Income should be sufficient for any unforeseeable expenses for the years 2021 through 2026.

10. **No Further Reorganization To Be Necessary.** In view of the Debtor's anticipated cash flow during the next five (5) years, this Amended Plan contemplates the revenue to be derived from the Debtor's business trucking operations to be sufficient to satisfy all future and outstanding personal and commercial obligations, without the need for further reorganization.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS.

11. **Classes.** The foregoing constitutes a summary classification of all Allowed and Unallowed claims and interests:

    a. **Class 1:** Allowed Secured Claim of Bank Capital/F.N.B. Equipment to the extent allowed as a secured claim under § 506 of the Code.

b.  **Class 2:**  Allowed Secured Claim of Pacific Financial Leasing to the extent allowed as a secured claim under § 506 of the Code.

c.  **Class 3:**  All Non-Priority General Unsecured Claims allowed as unsecured claims under § 502 of the Code.

d.  **Class 4:** All unallowed Non-Priority Unsecured Claims.

e.  **Class 5:** Equity Security Holders.

12.  The following comprises a list of all timely filed Proof of Claims ("POC") and a summary of the treatment of said Claims in this Amended Plan.  (See Exhibit C):

| POC | Amount | Treatment | Basis |
|---|---|---|---|
| **POC #1** - United States Trustee | $694.66 | Allowed | Due - Paid in Plan -PPR78 |
| **POC #2** – Pilot | $525.29 | Allowed | Due - Paid in Plan -PPR79 |
| **POC #3** - Bank Capital Services, LLC d/b/a F.N.B. Equipment Finance | $122,015.42 | Allowed | Due - Paid in Plan -PPR80 |
| **POC #4** - PACCAR Financial (Surrendered 2015 Peterbilt 579) | $54,135.22 | Allowed | Due - Paid in Plan -PPR81 |
| **POC #5** - Complete Business Solutions Group, Inc. | $23,566.80 | Unallowed | See PPR82 |
| **POC #6** - U.S. Department of Transportation - FMCSA | $3,710.00 | Allowed | Due - Paid in Plan -PPR83 |
| **POC #7** - MHC Financial Services | $87,883.49 | Allowed | Due - Paid in Plan -PPR84 |
| **POC #8** - Internal Revenue Service (Amended) | $37,206.69 | Allowed | Due - Paid in Plan -PPR85 |
| **POC #9** – Financial Pacific Leasing, Inc. | $8,352.00 | Allowed | Due – Paid in Plan -PPR86 |
| **POC #10** – NYS Thruway Authority | $314.05 | Unallowed | Claim Filed Late -PPR87 |
| **POC #11** – New Jersey Turnpike Authority | $774.35 | Unallowed | Claim Filed Late -PPR88 |

13.  The following comprises a list of claims or interests where no Proof of Claim ("POC") was timely filed, but were nonetheless scheduled by the Debtor, and a summary of the treatment of said Claims in this Amended Plan.  (See Exhibit C):

| Creditor | Amount | Treatment | Basis |
|---|---|---|---|
| ACE Card Express (returned check) | $2,965.00 | Allowed | Due - Paid in Plan – PPR89 |
| Alfredo Campos (unsecured loan) | $35,000.00 | Allowed | Due - Paid in Plan – PPR90 |
| Barri Financial Group (returned check) | $1,380.00 | Allowed | Due - Paid in Plan – PPR91 |
| Cedar Advance LLC | $28,366.00 | Unallowed | No POC – Disputed – PPR92 |
| Christian Rodriguez (unsecured loan) | $5,000.00 | Allowed | Due - Paid in Plan – PPR93 |
| Complete Payment Recovery Services, Inc. (returned check) | $630.32 | Allowed | Due - Paid in Plan – PPR94 |
| Element Transportation, LLC (Surrendered 2013 Peterbilt 579) | unknown | Unallowed | No POC - No Amounts Due -PPR95 |
| ENG Commercial Finance (Surrendered 2017 Kenworth T660) | unknown | Unallowed | No POC - No Amounts Due -PPR96 |
| ENG Commercial Finance (Surrendered 2018 Kenworth T680) | unknown | Unallowed | No POC - No Amounts Due -PPR97 |
| U.S. Department of Transportation "FMCSA" | $3,710.00 | Allowed | Due - Paid in Plan – PPR98 |
| Fleet One | $9,998.72 | Allowed | Due - Paid in Plan – PPR99 |
| Fox Capital 2 Group | $13,124.00 | Unallowed | No POC - No Amounts Due -PPR100 |

| | | | |
|---|---|---|---|
| Goodyear | $8,427.73 | Allowed | Due - Paid in Plan – PPR101 |
| Love's Travel Stops | $18,509.17 | Allowed | Due - Paid in Plan – PPR102 |
| Luz Adriana Warden | $675.00 | Allowed | Due - Paid in Plan – PPR103 |
| Melek (returned check) | $1,350.00 | Unallowed | No POC -No Amounts Due -PPR104 |
| Platinum Rapid Funding Group | $78,518.58 | Unallowed | No POC -No Amounts Due -PPR105 |
| PLS Financial Services (returned check) | $7,000.00 | Allowed | Due - Paid in Plan – PPR106 |
| Queen Funding LLC | $29,724.50 | Unallowed | No POC -No Amounts Due -PPR107 |
| R & A Trucking Inc. (Surrendered 2008 Utility Reefer Trailer) | $16,900.00 | Unallowed | No POC -No Amounts Due -PPR108 |
| Rapid Cash (returned check) | $2,990.00 | Allowed | Due - Paid in Plan – PPR109 |
| Sprint | $571.60 | Allowed | Due - Paid in Plan – PPR110 |
| TD Auto Finance (Surrendered 2018 Ford F150 Raptor) | unknown | Unallowed | No POC -No Amounts Due -PPR111 |
| Verizon | $3,234.95 | Allowed | Due - Paid in Plan – PPR112 |

**Past-Due Tolls:**

| | | | |
|---|---|---|---|
| CCRMA Toll Processing Services - Texas Toll Fees | $18.66 | Allowed | Due - Paid in Plan – PPR113 |
| Commonwealth of Massachusetts - Massachusetts Toll Fees | $35.25 | Allowed | Due - Paid in Plan – PPR114 |
| Delaware Department of Transportation - Delaware Toll Fees (4721) | $59.00 | Allowed | Due - Paid in Plan – PPR115 |
| Delaware Department of Transportation - Delaware Toll Fees (5721) | $59.00 | Allowed | Due - Paid in Plan – PPR116 |
| Express Toll - Colorado Toll Fees (8493) | $62.85 | Allowed | Due - Paid in Plan – PPR117 |
| Express Toll - Colorado Toll Fees (0813) | $392.75 | Allowed | Due - Paid in Plan – PPR118 |
| Express Toll - Colorado Toll Fees (1554) | $119.30 | Allowed | Due - Paid in Plan – PPR119 |
| Express Toll - Colorado Toll Fees (5710) | $128.85 | Allowed | Due - Paid in Plan – PPR120 |
| Express Toll - Colorado Toll Fees (4125) | $196.00 | Allowed | Due - Paid in Plan – PPR121 |
| Express Toll - Colorado Toll Fees (2205) | $62.85 | Allowed | Due - Paid in Plan – PPR122 |
| Express Toll - Colorado Toll Fees (2181) | $98.65 | Allowed | Due - Paid in Plan – PPR123 |
| FDOT - Florida Toll Fees (8707) | $23.72 | Allowed | Due - Paid in Plan – PPR124 |
| FDOT - Florida Toll Fees (4694) | $45.39 | Allowed | Due - Paid in Plan – PPR125 |
| HCTRA - Violations (3416) | $43.00 | Allowed | Due - Paid in Plan – PPR126 |
| HCTRA - Violations (7015) | $60.00 | Allowed | Due - Paid in Plan – PPR127 |
| Kansas Turnpike Authority (1594) | $104.26 | Allowed | Due - Paid in Plan – PPR128 |
| Kansas Turnpike Authority (9168) | $52.13 | Allowed | Due - Paid in Plan – PPR129 |
| Maryland Transportation Authority (5194) | $46.71 | Allowed | Due - Paid in Plan – PPR130 |
| Maryland Transportation Authority (0001) | $113.00 | Allowed | Due - Paid in Plan – PPR131 |
| Maryland Transportation Authority (5538) | $99.00 | Allowed | Due - Paid in Plan – PPR132 |
| NC Quick Pass | $55.16 | Allowed | Due - Paid in Plan – PPR133 |
| NJ E-Zpass (8474) | $23.75 | Allowed | Due - Paid in Plan – PPR134 |
| NJ E-Zpass (4454) | $50.00 | Allowed | Due - Paid in Plan – PPR135 |
| NJ E-Zpass (4501) | $74.95 | Allowed | Due - Paid in Plan – PPR136 |
| North Texas Tollway Authority (0303) | $45.52 | Allowed | Due - Paid in Plan – PPR137 |
| North Texas Tollway Authority (7515) | $111.94 | Allowed | Due - Paid in Plan – PPR138 |
| North Texas Tollway Authority (B136) | $16.24 | Allowed | Due - Paid in Plan – PPR139 |
| North Texas Tollway Authority (C694) | $40.70 | Allowed | Due - Paid in Plan – PPR140 |

| North Texas Tollway Authority (7964) | $61.04 | Allowed | Due - Paid in Plan – PPR141 |
| North Texas Tollway Authority (5954) | $316.74 | Allowed | Due - Paid in Plan – PPR142 |
| Oklahoma Turnpike Authority | $25.00 | Allowed | Due - Paid in Plan – PPR143 |
| Pennsylvania Turnpike Commission (9287) | $86.30 | Allowed | Due - Paid in Plan – PPR144 |
| Pennsylvania Turnpike Commission (2706) | $61.40 | Allowed | Due - Paid in Plan – PPR145 |
| Professional Account Management, LLC | $183.60 | Allowed | Due - Paid in Plan – PPR146 |
| RiverLink | $72.30 | Allowed | Due - Paid in Plan – PPR147 |
| Southern Connector Service Center | $62.00 | Allowed | Due - Paid in Plan – PPR148 |
| TxTag (0430) | $15.45 | Allowed | Due - Paid in Plan – PPR149 |
| TxTag (2654) | $15.59 | Allowed | Due - Paid in Plan – PPR150 |
| TxTag (0746) | $41.36 | Allowed | Due - Paid in Plan – PPR151 |

14.     All creditors and equity security holders should refer to the remainder of this Amended Plan for information regarding the precise treatment of their claim.

---

**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

---

## III.     TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES.

15.     The following constitutes a summary of the treatment of Administrative Expense Claims, Priority Tax Claims, And Quarterly And Court Fees:

a.     **Unclassified Claims.**  Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

b.     **Administrative Expense Claims.**  Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Amended Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

i.     **Legal Fees And Expenses.**  Administrative Expense Claims include Debtor's Counsel, Michael R. Nevarez, of The Nevarez Law Firm, PC.  The Court, under Order dated February 14, 2020 (DOC#40), authorized the employment of Michael R. Nevarez, of The Nevarez Law Firm, PC, to represent the Debtor.  As an Administrative Expense Claim, Michael R. Nevarez, of The Nevarez Law Firm, PC, will be paid in full, in accordance with the Plan Projections, and upon submission of a Fee Application, wherein fees and expenses are approved and allowed by the Bankruptcy Court.  Accrued and estimated fees and expenses for Michael R. Nevarez, of The Nevarez Law Firm, PC, as of the date

of the filing of this Amended Plan, total approximately $30,000.00. (See Exhibit C, PPR-37). The accrued legal fees and expenses have not been approved and have not yet been submitted to the Court for approval in a Fee Application, but is currently being reviewed by the Subchapter V Trustee, Mr. Brad W. Odell. This Amended Plan is not intended to limit Michael R. Nevarez, of The Nevarez Law Firm, PC, from seeking approval of additional fees and expenses from the Court, as there additional legal fees and expenses are anticipated after Confirmation of this Amended Plan.

ii.     **Subchapter V Trustee Fees.** Administrative Expense Claims include the Subchapter V Trustee, Brad W. Odell. The Court, under Notice dated October 8, 2020 (DOC#5), appointed Brad W. Odell, as the Subchapter V Trustee in the Debtor's Chapter 11 Subchapter V Case.

1.     **Pre-Confirmation.** As an Administrative Expense Claim, Brad W. Odell, Subchapter V Trustee, will be paid all pre-confirmation fees and expenses in accordance with Sections 1129(a)(9)(A) and 1191(e) of the Bankruptcy Code, by equal monthly payments over a (60) month period beginning (15) days after Confirmation of this Amended Plan.

2.     **Post-Confirmation.** Brad W. Odell, Subchapter V Trustee, will be paid no post-confirmation fees and expenses, as Debtor will make all payment distributions.

3.     On February 4, 2021, Brad W. Odell, Subchapter V Trustee, filed a Limited Objection To Confirmation of Debtor's Plan of Reorganization. Mr. Odell's objections have since been addressed and resolved, and said resolution is reflected in this Amended Plan.

c.     **Priority Tax Claims.** Each holder of a priority tax claim will be paid in full on the effective date of this Amended Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

i.     Priority Tax Claims include the Internal Revenue Service "IRS", Amended Proof of Claim #8, for an Allowed Unsecured Priority Claim in the amount of $27,767.08. As a Priority Tax Claim, the IRS will be paid the entire amount due, and at a 3% interest rate by monthly payments of $498.94 beginning June 2021 and continuing every month for (60) months ending May 2026. (See Exhibit C, PPR-33). On January 21, 2021, the IRS filed an Objection To Confirmation of Debtor's Plan of Reorganization. The IRS'

objections have since been addressed and resolved, and said resolution is reflected in this Amended Plan.

d. **Statutory fees.** All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Amended Plan have been paid or will be paid on the effective date.

e. **Prospective Quarterly Fees.** All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

## IV.    TREATMENT OF CLAIMS AND INTERESTS UNDER THE AMENDED PLAN.

16.    **Class 1: Allowed Secured Claims – Bank Capital Services, LLC d/b/a F.N.B. Equipment Finance.** The claim of the following, to the extent allowed as a secured claim under § 506 of the Code.

a. Class 1 consists of Allowed Secured Claims entitled to priority pursuant to Sections 506 of the Bankruptcy Code for payment of Secured Claims.

b. Class 1 creditors are impaired under the Amended Plan. Each holder of a Class 1 Allowed Secured Claim will be paid in full, at the same interest rate provided for in the "Agreed Order Resolving Motion For Relief From The Automatic Stay And Waiver Of Thirty (30) Day Hearing Requirement" (DOC#38) entered into between Debtor and the creditor.

c. Class 1 creditors include Bank Capital Services, LLC d/b/a F.N.B. Equipment Finance (hereinafter "FNB"), for an Allowed Secured Claim from the purchase of a 2018 Kenworth T680 Sleeper Tractor, VIN 1XKYD49X9JJ191142. As a Creditor in Class 1, FNB will be paid the entire amount due, and at the 5% interest rate provided for in the Agreed Order between Debtor and the creditor. FNB will be paid the amount of the secured claim of approximately $115,000.00, less any unaccounted amounts previously paid, by monthly payments of $1,800.00 beginning November 30, 2020 for (1) year, then payments of $2,000.00 beginning November 30, 2021 for (1) year, then payments of $2,200.00 beginning November 30, 2022 for (1) year, and then payments of $2,031.25 beginning November 30, 2023 and continuing every month with the last payment on October 30, 2025. (See Exhibit B, PPR-29). (See also Exhibit C, PPR-31).

d. On February 3, 2021, FNB filed a Limited Objection to Debtor's Plan of Reorganization. FNB's objections have since been addressed and resolved, and said resolution is reflected in this Amended Plan.

17.     **Class 2: Allowed Secured Claims – Financial Pacific Leasing.** The claim of the following, to the extent allowed as a secured claim under § 506 of the Code.

a.      Class 2 consists of Allowed Secured Claims entitled to priority pursuant to Sections 506 of the Bankruptcy Code for payment of Secured Claims.

b.      Class 2 creditors are impaired under the Amended Plan.  Each holder of a Class 2 Allowed Secured Claim will be paid in full, at the same interest rate provided for in the "Agreed Order For Adequate Protection Payments For Financial Pacific Leasing, Inc." (DOC#58) entered into between Debtor and the creditor.

c.      Class 2 creditors include Financial Pacific Leasing, for an Allowed Secured Claim from the purchase of a 2009 Wabash Dry Van Trailer, VIN 1JJV532W59L313512.  As a Creditor in Class 2, Financial Pacific Leasing will be paid the current outstanding balance of $8,352.00, and at the same interest rate provided for in the contract between Debtor and the creditor.  Financial Pacific Leasing will be paid the amount of $8,352.00, less any unaccounted amounts previously paid, by monthly payments of $348.00 beginning January 15, 2021 for (24) months for a total of $8,352.00.  (See also Exhibit C, PPR-32).

18.     **Class 3: Allowed Non-Priority General Unsecured Claims.**  All non-priority unsecured claims allowed under § 502 of the Code.

a.      Class 3 consists of Allowed Unsecured Claims entitled to no priority under Section 502 of the Bankruptcy Code for payment of Unsecured Claims.

b.      Class 3 creditors are impaired under the Amended Plan.  Each holder of a Class 3 Allowed Unsecured Claim will be paid ZERO% of the Claim amount.

c.      Class 3 creditors include ACE Card Express who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $2,965.00, which has a current outstanding balance due of $2,965.00, for a returned check.  As a Creditor in Class 3, ACE Card Express will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-40).

d.      Class 3 creditors include Alfredo Campos ("CAMPOS") who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $35,000.00, which has a current outstanding balance due of $35,000.00, for loan monies borrowed on behalf of the Debtor.  As a Creditor in Class 3, CAMPOS will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-41).

e.      Class 3 creditors include Barri Financial Group who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $1,380.00, which has a current outstanding balance due of $1,380.00, for a returned check.  As a Creditor in Class 3, Barri Financial Group will be ZERO% of the Claim amount.  (See Exhibit C, PPR-42).

f.      Class 3 creditors include Christian Rodriguez ("RODRIGUEZ") who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $5,000.00, which has a current outstanding balance due of $5,000.00, for loan monies borrowed on behalf of the Debtor.  As a Creditor in Class 3, RODRIGUEZ will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-44).

g.      Class 3 creditors include Complete Payment Recovery Services, Inc. who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $630.32, which has a current outstanding balance due of $630.32, for a returned check.  As a Creditor in Class 3, Complete Payment Recovery Services, Inc. will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-45).

h.      Class 3 creditors include Fleet One, who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $9,998.72, which has a current outstanding balance due of $9,998.72.  As a Creditor in Class 3, Fleet One will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-49).

i.      Class 3 creditors include Goodyear, who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $8,427.73, which has a current outstanding balance due of $8,427.73.  As a Creditor in Class 3, Goodyear will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-51).

j.      Class 3 creditors include the IRS, Amended Proof of Claim #8, for an Allowed Unsecured Claim in the amount of $9,439.61.  As a Creditor in Class 3, the IRS will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-52).

k.      Class 3 creditors include Love's Travel Stop, who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $18,509.17, which has a current outstanding balance due of $18,509.17. As a Creditor in Class 3, Love's Travel Stop will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-53).

l.      Class 3 creditors include Luz Adriana Warden ("WARDEN") who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $675.00, which has a current outstanding balance due of $675.00, for the review and bookkeeping services for the 2018 and 2019

books.  As a Creditor in Class 3, WARDEN will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-54).

m.      Class 3 creditors include MHC Financial Services, Proof of Claim #7, for an Allowed Unsecured Claim in the amount of $87,883.49 for the deficiency of a voluntarily surrendered 2018 Kenworth T680 Truck.  MHC Financial Services was scheduled by the Debtor as disputed, contingent, or unliquidated, in an unknown amount. An Objection to MHC Financial Services' CLAIM#7 has been filed by the Debtor and is currently pending before the Court (DOC#61).  In the event that the Objection to MHC Financial Services' CLAIM#7 is denied by this Court, as a Creditor in Class 3, MHC Financial Services will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-56).  On February, 1, 2021, MHC Financial Services filed an Objection to Confirmation of the Debtor's Plan of Reorganization.  MHC Financial Services' objections have since addressed and been resolved.

n.      Class 3 creditors include PACCAR Financial Corp., Proof of Claim #4, for an Allowed Unsecured Claim in the amount of $54,135.22 for the deficiency of a voluntarily surrendered 2015 Peterbilt 579 Truck.  PACCAR Financial Corp. was scheduled by the Debtor as disputed, contingent, or unliquidated, in an unknown amount.  An Objection to PACCAR Financial Corp.' CLAIM#4 has been filed by the Debtor and is currently pending before the Court (DOC#59).  In the event that the Objection to PACCAR Financial Corp.' CLAIM#4 is denied by this Court, as a Creditor in Class 3, PACCAR Financial Corp. will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-57).

o.      Class 3 creditors include Pilot, Proof of Claim #2, for an Allowed Unsecured Claim in the amount of $525.29.  As a Creditor in Class 3, Pilot will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-58).

p.      Class 3 creditors include PLS Financial Services ("PLS"), who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $7,000.00, which has a current outstanding balance due of $7,000.00, for a returned check.  As a Creditor in Class 3, PLS will be paid ZERO% of the Claim amount.  (See Exhibit C, PPR-60).

q.      Class 3 creditors include R & A Trucking Inc. ("R & A"), who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $16,900.00, which has a current outstanding balance due of $16,900.00, for a voluntarily surrendered 2008 Utility Reefer Trailer.  As a Creditor in Class 3, R & A will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-63).

r.      Class 3 creditors include Rapid Cash, who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of

$2,990.00, which has a current outstanding balance due of $2,990.00, for a returned check. As a Creditor in Class 3, Rapid Cash will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-64).

s.      Class 3 creditors include Sprint who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $571.60, which has a current outstanding balance due of $571.60. As a Creditor in Class 3, Sprint will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-65).

t.      Class 3 creditors include the U. S. Department of Transportation "FMCSA", Proof of Claim #6, for an Allowed Unsecured Claim in the amount of $3,710.00. As a Creditor in Class 3, the FMCSA will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-67).

u.      Class 3 creditors include the United States Trustee "UST", Proof of Claim #1, for an Allowed Unsecured Claim in the amount of $694.66. As a Creditor in Class 3, the UST will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-68).

v.      Class 3 creditors include Verizon, who filed no timely Proof of Claim, but was scheduled as a debt due by the Debtor, in the amount of $3,234.95, which has a current outstanding balance due of $3,234.95. As a Creditor in Class 3, Verizon will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-69).

w.      Class 3 creditors include several Past-Due Tolls owed to several states, who filed no timely Proof of Claims, but were scheduled as debts due by the Debtor, in the amount of $3,179.41, which has a current outstanding balance due of $3,179.41, for state toll fees. As a Creditor in Class 3, the Past-Due Tolls will be paid ZERO% of the Claim amount. (See Exhibit C, PPR-70).

19.    **Class 4: Unallowed Non-Priority Unsecured Claims.** All non-priority unsecured claims that had been scheduled by the Debtor as disputed, contingent, or unliquidated, or are hereby Unallowed as follows.

a.      Class 4 consists of Unallowed Unsecured Claims entitled to no priority under Section 502 of the Bankruptcy Code for payment of Unsecured Claims.

b.      Class 4 creditors are impaired under the Amended Plan. The Class 4 non-priority unsecured creditors holding Unallowed Claims will receive no distributions of payments.

c.      Class 4 creditors include Cedar Advance LLC, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as

disputed, contingent, or unliquidated, in the amount of approximately $28,366.00 for Accounts Receivables and Collateral. As a Creditor in Class 4, Cedar Advance LLC will receive no distribution or payment, since (i) no Proof of Claim was ever timely filed and (ii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-92).

d. Class 4 creditors include Element Transportation, LLC, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as disputed, contingent, or unliquidated, in an unknown amount for a voluntarily surrendered 2013 Peterbilt 579 Truck. As a Creditor in Class 4, Element Transportation, LLC will receive no distribution or payment, since (i) the 2013 Peterbilt 579 Truck was voluntarily surrendered, (ii) no Proof of Claim was ever timely filed, and (iii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-95).

e. Class 4 creditors include ENG Commercial Finance, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as disputed, contingent, or unliquidated, in an unknown amount for a voluntarily surrendered 2017 Kenworth T660 Truck. As a Creditor in Class 4, ENG Commercial Finance will receive no distribution or payment, since (i) the 2017 Kenworth T660 Truck was voluntarily surrendered, (ii) no Proof of Claim was ever timely filed, and (iii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-96).

f. Class 4 creditors include ENG Commercial Finance, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as disputed, contingent, or unliquidated, in an unknown amount for a voluntarily surrendered 2018 Kenworth T680 Truck. As a Creditor in Class 4, ENG Commercial Finance will receive no distribution or payment, since (i) the 2018 Kenworth T680 Truck was voluntarily surrendered, (ii) no Proof of Claim was ever timely filed, and (iii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-97).

g. Class 4 creditors include Fox Capital 2 Group, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as disputed, contingent, or unliquidated, in the amount of approximately $13,124.00 for Accounts Receivables and Collateral. As a Creditor in Class 4, Fox Capital 2 Group will receive no distribution or payment, since (i) no Proof of Claim was ever timely filed and (ii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-100).

h. Class 4 creditors include Melek, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor in the amount of approximately $1,350.00. As a Creditor in Class 4, Melek will receive no distribution or payment, since (i) according to Melek no amounts are owed and (ii) no Proof of Claim was ever timely filed. (See Exhibit C, PPR-104).

i. Class 4 creditors include Platinum Rapid Funding Group, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as disputed, contingent, or unliquidated, in the amount of approximately $78,518.58 for Accounts Receivables and Collateral. As a Creditor in Class 4, Platinum Rapid Funding Group, will receive no distribution or payment, since (i) no Proof of Claim was ever timely filed and (ii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-105).

j. Class 4 creditors include Queen Funding LLC, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as disputed, contingent, or unliquidated, in the amount of approximately $29,724.50 for Accounts Receivables and Collateral. As a Creditor in Class 4, Queen Funding LLC will receive no distribution or payment, since (i) no Proof of Claim was ever timely filed and (ii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-107).

k. Class 4 creditors include Complete Business Solutions aka Quick Spot Funding, Proof of Claim #5, for an Allowed Unsecured Claim in the amount of $23,566.80 for Merchant Cash Advance Agreements. Quick Spot Funding was scheduled by the Debtor as disputed, contingent, or unliquidated, in an unknown amount. An Objection to Quick Spot Funding's CLAIM#5 was filed by the Debtor (DOC#60) and an Order granting Objection to CLAIM#5 was filed by this Court on February 19, 2021, (DOC#87). As a Creditor in Class 4, Quick Spot Funding will receive no distribution or payment, since (i) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated, and (ii) the Objection to Quick Spot Funding's CLAIM#5 was granted. (See Exhibit C, PPR-82).

l. Class 4 creditors include TD Auto Finance, who filed no timely Proof of Claim, and the amount allegedly due was scheduled by the Debtor as disputed, contingent, or unliquidated, in an unknown amount for a voluntarily surrendered 2018 Ford F150 Raptor Truck. As a Creditor in Class 4, TD Auto Finance will receive no distribution or payment, since (i) the 2018 Ford F150 Raptor Truck was voluntarily surrendered, (ii) no Proof of Claim was ever timely filed, and (iii) the amount allegedly due was scheduled by Debtor as disputed, contingent, and unliquidated. (See Exhibit C, PPR-111).

m.      Class 4 creditors include NYS Thruway Authority, who filed an untimely Proof of Claim #10 in the amount of $314.05.  As a Creditor in Class 4, NYS Thruway Authority will receive no distribution or payment, since (i) the Proof of Claim was not timely filed.  (See Exhibit C, PPR-87).

n.      Class 4 creditors include New Jersey Turnpike Authority, who filed an untimely Proof of Claim #11 in the amount of $774.35.  As a Creditor in Class 4, New Jersey Turnpike Authority will receive no distribution or payment, since (i) the Proof of Claim was not timely filed.  (See Exhibit C, PPR-88).

20.    **Class 5: Equity Security Holders.**  The interests of the Debtor is property of the estate, and the Class 5 equity interests of the Debtor are unimpaired under the Amended Plan. The equity security holders will retain their membership interests in the Debtor and all of the rights and privileges associated with ownership of those membership interests.

# V.    ALLOWANCE AND DISALLOWANCE OF CLAIMS.

21.    **Allowed Claim.**  An Allowed Claim shall mean a Claim filed with the Clerk of the Bankruptcy Court or scheduled by the Debtor in their Schedules, Lists and Statement of Financial Affairs heretofore or hereafter filed with the Bankruptcy Court and not listed therein as disputed, contingent, or unliquidated, as to which claim no objection to the allowance thereof has been interposed within the period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules of the Bankruptcy Court or as to which an objection to the claim or an application to amend the schedules with respect to a scheduled claim has resulted in the allowance of the claim, in whole or in part, by an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified, or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which order shall have become final in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and which will be paid by the Debtor in accordance with this Amended Plan.

22.    **Disputed Claim.**  A Disputed Claim means a Claim against the Debtor, to the extent that a Proof of Claim has been timely filed or deemed timely filed under applicable Bankruptcy law, as to which an objection has been or may be timely filed by a Proponent or any other party in interest and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Amended Plan or order of the Bankruptcy Court, and has not been denied by a Final Order.  A Disputed Claim shall include any Claim which the Debtor has scheduled as "disputed, contingent, or unliquidated."

23.    **Unallowed Claim Or Interest.**  An Unallowed Claim shall mean a Claim or interest which will NOT be paid by the Debtor under this Amended Plan.

24.    **Delay Of Distribution On A Contested, Unallowed Or Disputed Claim.**  No distribution will be made on account of a Contested, Unallowed or Disputed claim unless such claim or amount is allowed by a final non-appealable order.

25.     **Settlement Of Contested, Unallowed, Or Disputed Claims.**  The Debtor will have the power and authority to settle and compromise a Contested, Unallowed or Disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## VI.     PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

26.     **Assumed Executory Contracts And Unexpired Leases.**  There are no executory contracts and/or unexpired leases being assumed by the Debtor as of the Effective Date.

27.     **Rejected Executory Contracts And Unexpired Leases.**  Except for the above-listed executory contracts and unexpired leases that have been expressly assumed, if any, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all such other executory contracts, agreements and/or unexpired leases not expressly assumed under the Amended Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Amended Plan.

## VII.     MEANS FOR IMPLENTATION OF THE AMENDED PLAN.

28.     The Amended Plan proposes the continued commercial operation of (1) usable tractor and (1) usable trailer in order to derive sufficient revenue from its transportation business to pay all of the Allowed Secured and Unsecured debt.

29.     **Allowed Unsecured Debt.**  Based on the continued commercial operation of Debtor's transportation business, the Debtor anticipates being able to derive sufficient revenue to pay all Allowed Unsecured Creditors.

30.     **Allowed Secured Debt.**  Based on the continued commercial operation of Debtor's transportation business, the Debtor anticipates being able to derive sufficient revenue to pay FNB and Financial Pacific Leasing, the Debtor's largest Secured Creditors, as follows:

a.      Monthly Plan payments to FNB for the 2018 Kenworth T680 Sleeper Tractor, VIN 1XKYD49X9JJ191142, beginning November 30, 2020 for (1) year by monthly payments of $1,800.00, then payments of $2,000.00 beginning November 30, 2021 for (1) year, then payments of $2,200.00 beginning November 30, 2022 for (1) year, and then payments of $2,031.25 beginning November 30, 2023 and continuing every month with the last payment on October 30, 2025;

b.      Monthly Plan payments to Financial Pacific Leasing for the 2009 Wabash Dry Van Trailer, VIN 1JJV532W59L313512, beginning January 15, 2021 for (24) months by monthly payments of $348.00.

## VIII.   GENERAL PROVISIONS.

31.    **Definitions And Rules Of Construction.**  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Amended Plan, and they are supplemented by the definitions set forth.

32.    **Effective Date.** The Effective Date of this Amended Plan is the fourteenth business day following the date when the Confirmation Order becomes a Final Order.

33.    **Severability.** If any provision in this Amended Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Amended Plan.

34.    **Binding Effect.** The rights and obligations of any entity named or referred to in this Amended Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

35.    **Captions.** The headings contained in this Amended Plan are for convenience of reference only and do not affect the meaning or interpretation of this Amended Plan.

36.    **Controlling Effect.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Amended Plan, except as otherwise provided in this Amended Plan.

37.    **Corporate Governance.** The Debtor is not a corporation with voting securities, and therefore the provisions required under § 1123(a)(6) of the Code are inapplicable.

## IX.   DEFAULT.

38.    In the event of any alleged default under the Plan, any creditor or party-in-interest must give a written default to the Debtor with copies to counsel of record for the Debtor, via email to MNevarez@LawOfficesMRN.com, specifying the nature of the default. Upon receipt of the default notice by counsel of record for the Debtor, the Debtor shall have fifteen (15) days to cure such default from the time of receipt of the written default.  If such default has not been cured within fifteen (15) days, any creditor or party-in-interest shall have the right to exercise any and all available remedies, including the right to undertake foreclosure proceedings upon any collateral security the obligation, if applicable.  A creditor or party-in-interest is only required to provide three (3) such written notices of default over the Plan duration; on fourth occurrence of a Plan default, the creditor or party-in-interest may immediately exercise any and all of its available remedies without any requirement of providing written notice of the default.

39.    **Internal Revenue Service.  The debt owed by the Debtor to the** IRS **is a non-dischargeable debt, except as otherwise provided for in the Bankruptcy Code, and that if the Debtor should default, the** IRS **is not subject to the provisions of the Bankruptcy Code so that the** IRS **can take whatever actions are necessary to collect said debt in the event of default.**

40.    The IRS is bound by the provisions of the confirmed Plan and is barred under Section 1141 of the Bankruptcy Code from taking any collection actions against the Debtor for pre-petition claims during the duration of the Plan (provided there is no default as to the IRS). The period of limitations on collection remains suspended under 26 U.S.C. § 6503(h) for the tax periods being paid under the Plan and terminates on the earlier of (1) all required payments to the IRS have been made; or (2) thirty (30) days after the date of the demand letter (described above) for which the debtor failed to cure the default.

41.    The Debtor's failure to remain current on its ongoing tax obligations shall be an event of default under the terms of the Plan.  The Debtor is required to stay current on all ongoing tax reporting/tax payments with the IRS. If the Debtor defaults to the IRS (in the timely filing of any future tax return and/or the payment of any ongoing tax liability) this is an event of default to the plan term agreement.  The IRS must send written demand to the Debtor or Reorganized Debtor of the default and the Debtor must cure the default within fifteen (15) days of the date on the demand letter.  If the default is not cured within fifteen (15) days, the IRS may assert the balance on the proof of claim still remaining which will include tax, interest and penalty to be due and owing and the entire balance (after crediting all payments made) may go out for collection.

42.    IRS remedies upon default: Upon any final and non-curable default by the Reorganized Debtor, the IRS may accelerate its allowed pre-and post-petition claims (and any future administrative claims), and declare the outstanding amounts of such claims to be immediately due and owing.  The IRS may pursue any and all available state and federal rights and remedies as provided by law without further order of this Court.

## X.    DISCHARGE.

43.    As an "unincorporated company", the Debtor is a "corporation" within the meaning of § 101(iv) of the Code.

44.    If the Debtor's Amended Plan is confirmed under § 1191(a), on the Effective Date of the Amended Plan, the Debtor will be discharged from any debt that arose before confirmation of this Amended Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

      a.    imposed by this Amended Plan; or

      b.    to the extent provided in § 1141(d)(6).

45.    If the Debtor's Amended Plan is confirmed under § 1191(b), confirmation of this Amended Plan does not discharge any debt provided for in this Amended Plan until

First Amended Plan of Reorganization
*In Re: Double H Transportation, LLC, Debtor-in-Possession*
USBC-WDTX, El Paso Division, Case No. 20-31055-hcm

Page 21 of 23

the court grants a discharge on completion of all payments due within the first 3 years of this Amended Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    a.    on which the last payment is due after the first 3 years of the Amended Plan, or as otherwise provided in § 1192; or

    b.    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## XI.    OTHER PROVISIONS.

46.    **Plan Compliance.**  In accordance with 11 U.S.C.A. § 1129, and as supported by Exhibits A, B, C, D and E attached hereto, this Amended Plan reflects that there is a reasonable likelihood that the Debtor will be able to make all payments under the Amended Plan, and that the Amended Plan provides appropriate remedies, which may include the liquidation of nonexempt assets.

47.    **Plan Amendment.**  Debtor reserves the right to amend this Plan, in the event facts and circumstances change the feasibility of this Plan, and dictate further disclosure.

Date: March 19, 2021               Respectfully submitted,

THE NEVAREZ LAW FIRM, PC
A Professional Corporation
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

**/s/ Michael R. Nevarez**
By: MICHAEL R. NEVAREZ
State of Texas Bar No. 14933400

Attorney for Debtor-In-Possession
Double H Transportation, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **FIRST AMENDED PLAN OF REORGANIZATION** was served either by electronic means as listed on the Court's CM/ECF filing and noticing system, and/or by regular first-class mail, postage prepaid, to the following parties in interest, on or about March 19, 2021:

**SUBCHAPTER V TRUSTEE:**
Mr. Brad W. Odell
1500 Broadway, Suite 700
Lubbock, TX 78401
Email: bodell@mhba.com
Phone: (806) 765-7491

**OFFICE OF THE U.S. TRUSTEE:**
Mr. James Rose
615 E. Houston Street, Suite 533
San Antonio, TX 78205
Email: James.Rose@usdoj.gov

**DEBTOR-IN-POSSESSION:**
Double H Transportation, LLC
14259 Rattler Point Dr.
El Paso, TX 79938

**TOP 20 UNSECURED**
**ALL SECURED CREDITORS**

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

**SUBCHAPTER V TRUSTEE:**
**Mr. Brad W. Odell**
**1500 Broadway, Suite 700**
**Lubbock, TX 78401**

**DEBTOR-IN-POSSESSION:**
**Double H Transportation, LLC**
**14259 Rattler Point Dr.**
**El Paso, TX 79938**

**ACE Card Express**
**424 Yarbrough Drive**
**El Paso, TX 79915**

**Alfredo Campos**
**3417 Treasure Hill**
**El Paso, TX 79938**

**Andrew G. Edson**
**Clark Hill Strasburger**
**901 Main Street, Suite 6000**
**Dallas, TX 75202**

**Bank Capital Services**
**1853 Highway 315**
**Pittston, PA 18640**

**Barri Financial Group**
**9800 Centre Parkway Suite 700**
**Houston, TX 77036**

**CCRMA Toll Processing Services**
**3461 Carmen Avenue**
**Rancho Viejo, TX 78575**

**Cedar Advance LLC**
**25 Robert Pitt Drive**
**Suite 204**
**Monsey, NY 10952**

**Christian Rodriguez**
**2140 N Zaragoza, Apt. 129**
**El Paso, TX 79938**

**Commonwealth of Massachusetts**
**EZDriveMA Payment Processing Center**
**P.O. Box 847840**
**Boston, MA 02284-7840**

**Complete Payment Recovery Services, Inc.**
**3500 5th Street**
**Northport, AL 35476**

**Delaware Department of Transportation**
**Delaware E-ZPass Violations Center**
**P.O. Box 697**
**Dover, DE 19903-0697**

**Delaware Department of Transportation**
**Delaware E-ZPass Violations Center**
**P.O. Box 697**
**Dover, DE 19903-0697**

**Element Transportation, LLC**
**655 Business Center Drive, Suite 250**
**Horsham, PA 19044**

**ENG Commercial Finance**
**2441 Warrenville Road, Suite 310**

**Lisle, IL 60532**

**ENG Commercial Finance**
**2441 Warrenville Road, Suite 310**
**Lisle, IL 60532**

**Express Toll**
**E-470 Public Highway Authority**
**P.O. Box 5470**
**Denver, CO 80217-5470**

**Express Toll**
**E-470 Public Highway Authority**
**P.O. Box 5470**
**Denver, CO 80217-5470**

**Express Toll**
**E-470 Public Highway Authority**
**P.O. Box 5470**
**Denver, CO 80217-5470**

**Express Toll**
**E-470 Public Highway Authority**
**P.O. Box 5470**
**Denver, CO 80217-5470**

**Express Toll**
**E-470 Public Highway Authority**
**P.O. Box 5470**
**Denver, CO 80217-5470**

**Express Toll**
**E-470 Public Highway Authority**
**P.O. Box 5470**
**Denver, CO 80217-5470**

**Express Toll**
**E-470 Public Highway Authority**
**P.O. Box 5470**
**Denver, CO 80217-5470**

**FDOT**
**P.O. Box 71237**
**Charlotte, NC 28272-1237**

**FDOT**
**P.O. Box 71237**
**Charlotte, NC 28272-1237**

**Federal Motor Carrier Safety Admin.**
**WESTERN SERVICE CENTER REGION**
**GOLDEN HILLS OFFICE CENTRE**
**12600 W. Colfax Ave. Suite B-300**
**Lakewood, CO 80215**

**Financial Pacific Leasing**
**3455 South 344th Street Way**
**Suite 300**
**Auburn, WA 98001**

**Fleet One**
**Attn: Bankruptcy Dept.**
**3100 West End Ave**
**Nashville, TN 37203**

**Fox Capital 2 Group**
**65 Broadway**
**Suite 804**
**New York, NY 10005**

**Goodyear**
**P.O. Box 288**
**Tonawanda, NY 14151**

**HCTRA - Violations**
**P.O. Box 4440**
**Dept 8**

**Houston, TX 77210-4440**

**HCTRA - Violations**
**P.O. Box 4440**
**Dept 8**
**Houston, TX 77210-4440**

**Hector Hernandez**
**14259 Rattler Pt Drive**
**El Paso, TX 79938**

**Internal Revenue Service**
**c/o Central Insolvency Operation**
**PO Box 7346**
**Philadelphia, PA 19101-7346**

**James W. King**
**6420 Wellington Place**
**Beaumont, TX 77706**

**Joseph D. Austin**
**Padfield & Stout, LLP**
**420 Throckmorton Street, Suite 1210**
**Fort Worth, TX 76102**

**Kansas Turnpike Authority**
**P.O. Box 5018**
**Wichita, KS 67201-5018**

**Kansas Turnpike Authority**
**P.O. Box 5018**
**Wichita, KS 67201-5018**

**Love's Travel Stops & Country Stores**
**P.O. Box 842568**
**Kansas City, MO 64184-2568**

**Luz Adriana Warden**
**4383 Name Arc**
**Las Cruces, NM 88011**

**Maryland Transportation Authority**
**P.O. Box 17600**
**Baltimore, MD 21297-7600**

**Maryland Transportation Authority**
**P.O. Box 17600**
**Baltimore, MD 21297-7600**

**Maryland Transportation Authority**
**P.O. Box 17600**
**Baltimore, MD 21297-7600**

**Maryland Transportation Authority**
**P.O. Box 17600**
**Baltimore, MD 21297-7600**

**Melek**
**1155 N. Zaragoza Rd.**
**El Paso, TX 79907**

**MHC Financial**
**11120 Tomahawk Circle Parkway**
**Leawood, KS 66211**

**Michael W. Zientz**
**Mackie Wolf Zientz & Mann, P.C.**
**Parkway Office Center, Suite 900**
**14160 North Dallas Parkway**
**Dallas, TX 75254**

**NC Quick Pass**
**Customer Service Center**
**P.O. Box 71116**
**Charlotte, NC 28272-1116**

**NJ E-ZPass**
**P.O. Box 4971**

**Trenton, NJ 08650**

**NJ E-ZPass**
**P.O. Box 4971**
**Trenton, NJ 08650**

**NJ E-ZPass**
**P.O. Box 4971**
**Trenton, NJ 08650**

**North Texas Tollway Authority**
**P.O. Box 660244**
**Dallas, TX 75266-0244**

**North Texas Tollway Authority**
**P.O. Box 660244**
**Dallas, TX 75266-0244**

**North Texas Tollway Authority**
**P.O. Box 660244**
**Dallas, TX 75266-0244**

**North Texas Tollway Authority**
**P.O. Box 660244**
**Dallas, TX 75266-0244**

**North Texas Tollway Authority**
**P.O. Box 660244**
**Dallas, TX 75266-0244**

**North Texas Tollway Authority**
**P.O. Box 660244**
**Dallas, TX 75266-0244**

**Oklahoma Turnpike Authority**
**Enforcement Barnch**
**P.O. Box 11255**
**Oklahoma City, OK 73135-0255**

**Paccar Financial**
**Attn Corp. Portfoli**
**PO Box 1518**
**Bellevue, WA 98009**

**Pennsylvania Turnpike Commission**
**Violation Processing Center**
**300 East Park Drive**
**Harrisburg, PA 17111**

**Pennsylvania Turnpike Commission**
**Violation Processing Center**
**300 East Park Drive**
**Harrisburg, PA 17111**

**Pilot**
**4620 Woodland Corporate Blvd.**
**Tampa, FL 33614**

**Platinum Rapid Funding Group**
**348 RXR Plaza**
**Uniondale, NY 11556**

**PLS Financial Services**
**800 Jorie Blvd., 2nd Fl**
**Oak Brook, IL 60523**

**Professional Accoutn MAnagement, LLC**
**P.O. Box 863867**
**Plano, TX 75086-3867**

**Queen Funding LLC**
**101 Chase Ave, Suite 208**
**Lakewood, NJ 08701**

**Quick Spot Funding**
**20 North 3rd Street**
**Philadelphia, PA 19106**

**R & A Trucking Inc.**

**12802 Harnose Drive**
**El Paso, TX 79938**

**Rapid Cash**
**8920 Gateway Blvd., Suite B**
**El Paso, TX 79907**

**RiverLink**
**P.O. Box 16799**
**Austin, TX 78761-6799**

**Ronald Gearhart**
**Greenberg, Grant & Richards**
**5858 Westheiner Road 5th Floor**
**Houston, TX 77057**

**Southern Connector Service Center**
**Attention: Violations**
**P.O. Box 408**
**Piedmont, SC 29673**

**Sprint**
**26000 Cannon Road**
**Bedford, OH 44146**

**TD Auto Finance**
**Attn: Bankruptcy**
**P.O. Box 9223**
**Farmington, MI 48333**

**The New York State Thruway**
**Violations Prossessing Center**
**P.O. Box 15186**
**Albany, NY 12212-5186**

**TxTag**
**P.O. Box 650749**
**Dallas, TX 75265-0749**

**TxTag**
**P.O. Box 650749**
**Dallas, TX 75265-0749**

**TxTag**
**P.O. Box 650749**
**Dallas, TX 75265-0749**

**Verizon**
**3601 Converse Drive**
**Wilmington, NC 28403**

**Weinstein & Weinstein**
**68-15 Main Street, 2nd Fl**
**Flushing, NY 11367**

**Yadira Haydee**
**14259 Rattler Pt. Dr.**
**El Paso, TX 79938**

# EXHIBIT A

## United States Bankruptcy Court
### Western District of Texas

In re  **Double H Transportation LLC**

Debtor(s)

Case No.  **20-31055**

Chapter  **11**

### LIQUIDATION SUMMARY

| Description | Total Amount | Real Property | Personal Property |
|---|---|---|---|
| Total Property Value | **101,632.95** | **0.00** | **101,632.95** |
| Less: | | | |
| Schedule D. Secured Claims | **72,000.00** | **0.00** | **72,000.00** |
| Schedule C. Exemptions | **0.00** | **0.00** | **0.00** |
| **Interest in Nonexempt Property** | **29,632.95** | **0.00** | **29,632.95** |
| Less: | | | |
| Estimated Chapter 7 Admin Expenses | **3,713.30** | | |
| Schedule E. Priority Claims | **35,856.71** | | |
| **Available to General Unsecured** | **-9,937.06** | | |
| Total General Unsecured | **362,494.39** | | |
| Percent Distribution | **0%** | | |

| Details: | | | |
|---|---|---|---|
| Unsecured from Schedule D | **46,784.26** | **0.00** | **46,784.26** |
| Unsecured from Schedule E | **0.00** | | |
| Unsecured from Schedule F | **315,710.13** | | |
| Estimated Chapter 7 Administrative Expenses: | | | |
| 11§326 Trustee Compensation on $**29,632.95** | **3,713.30** | | |
| Add'l Trustee Cost as **0%** of §326 Fee | **0.00** | | |
| Additional Admin Expense | **0.00** | | |
| Total Estimated Admin Expense | **3,713.30** | | |

## EXHIBIT B

### In Re: Double H Transportation, LLC
### USBC-WDTX Case No. 20-31055-HCM

# 2020-2021 Cash Flow Statement (October 2020 to January 2021)

| | Beginning Period | 10/1/2020 | 11/1/2020 | 12/1/2020 | 1/1/2021 |
|---|---|---|---|---|---|
| | End Period | 10/31/2020 | 11/30/2020 | 12/31/2020 | 1/31/2021 |
| | Year | 2020 | 2020 | 2020 | 2021 |
| | **Income** | | | | |
| 1 | Truck 0723 Earnings | $19,483.93 | $22,438.28 | $19,580.73 | $16,535.39 |
| 2 | Total Income | $19,483.93 | $22,438.28 | $19,580.73 | $16,535.39 |
| 3 | | | | | |
| 4 | **Expenses** | | | | |
| 5 | Advertising and Promotion | - | - | - | - |
| 6 | Contractor Labor | (1,008.55) | (1,596.50) | (1,376.50) | (868.00) |
| 7 | Drug Screens | (37.00) | - | - | - |
| 8 | MVR | - | - | - | - |
| 9 | Medical Card | - | - | - | - |
| 10 | Fee Expense | - | - | - | - |
| 11 | Fuel | (4,505.59) | (4,631.16) | (3,155.61) | (4,601.45) |
| 12 | Other Taxes | (5.51) | (294.42) | - | (60.00) |
| 13 | Inspections | - | - | - | - |
| 14 | Insurance (Truck and Trailer) | (911.65) | (3,599.39) | (2,805.32) | (1,420.28) |
| 15 | Meals and Entertainment | (179.89) | (22.51) | (59.38) | (158.18) |
| 16 | Office/Parking Rent | - | (230.00) | (230.00) | (230.00) |
| 17 | Payroll Taxes | (804.00) | (1,096.80) | (926.40) | (932.68) |
| 18 | Payroll - Hector Hernandez | (3,502.00) | (3,502.00) | (3,502.00) | (4,359.50) |
| 19 | Payroll - Yadira Hernandez | (554.10) | (738.80) | (738.80) | (923.50) |
| 20 | Company Healthcare Plan | - | - | - | - |
| 21 | Repairs and Maintenance | (2,541.87) | (3,000.21) | (1,660.29) | (650.73) |
| 22 | U.S. Department of Transportation - FMCSA | - | - | (168.00) | (154.00) |
| 23 | Tags and Permits | (1,650.08) | - | - | (10.00) |
| 24 | Supplies | (444.78) | (228.15) | (301.04) | (267.87) |
| 25 | Telephone Expense | (153.79) | (307.60) | (490.49) | (123.80) |

# EXHIBIT B
## In Re: Double H Transportation, LLC
## USBC-WDTX Case No. 20-31055-HCM

| | | | | | |
|----|---|--:|--:|--:|--:|
| 26 | Office Expense | (111.94) | (155.05) | (193.39) | (173.90) |
| 27 | Tolls and Scales | (48.00) | (126.64) | (60.15) | (110.65) |
| 28 | Travel Expense | - | - | - | - |
| 29 | FNB Financial | - | (1,800.00) | (1,800.00) | (1,800.00) |
| 30 | Financial Pacific Leasing | (348.00) | (348.00) | - | (348.00) |
| 31 | Internal Revenue Service | - | - | - | - |
| 32 | U.S. Trustee Quarterly Fees (19-31830) | - | - | - | - |
| 33 | ACE Card Express | - | - | - | - |
| 34 | Alfredo Campos | - | - | - | - |
| 35 | Barri Financial Group | - | - | - | - |
| 36 | Cedar Advance LLC | - | - | - | - |
| 37 | Christian Rodriguez | - | - | - | - |
| 38 | Complete Payment Recovery Services, Inc. | - | - | - | - |
| 39 | Element Transportation, LLC - 2013 Peterbilt 579 -Surrendered | - | - | - | - |
| 40 | ENG Commercial Finance - 2017 Kenworth T660 -Surrendered | - | - | - | - |
| 41 | ENG Commercial Finance - 2018 Kenworth T680 -Surrendered | - | - | - | - |
| 42 | Fleet One | - | - | - | - |
| 43 | Fox Capital 2 Group | - | - | - | - |
| 44 | Goodyear | - | - | - | - |
| 45 | Love's Travel Stops | - | - | - | - |
| 46 | Luz Adriana Warden | - | - | - | - |
| 47 | Melek | - | - | - | - |
| 48 | MHC Financial Services - 2018 Kenworth T680 -Surrendered | - | - | - | - |
| 49 | PACCAR Financial Corp. - 2015 Peterbilt 579 -Surrendered | - | - | - | - |
| 50 | Pilot | - | - | - | - |
| 51 | Platinum Rapid Funding Group | - | - | - | - |
| 52 | PLS Financial Services | - | - | - | - |
| 53 | Queen Funding LLC | - | - | - | - |
| 54 | Complete Business Solutions - Quick Spot Funding | - | - | - | - |
| 55 | R & A Trucking Inc. - 2008 Utility Reefer Trailer -Surrendered | - | - | - | - |
| 56 | Rapid Cash | - | - | - | - |
| 57 | Sprint | - | - | - | - |

# EXHIBIT B
## In Re: Double H Transportation, LLC
## USBC-WDTX Case No. 20-31055-HCM

| | | | | | |
|---|---|---:|---:|---:|---:|
| 58 | TD Auto Finance - 2018 Ford F150 Raptor -Surrendered | - | - | - | - |
| 59 | Verizon | - | - | - | - |
| 60 | Past-Due Tolls | - | - | - | - |
| 61 | Subchapter V Trustee Fees | - | - | - | - |
| 62 | Chapter 11 Legal Fees and Costs | - | - | - | - |
| 63 | **Total Expenses** | (16,806.75) | (21,677.23) | (17,467.37) | (17,192.54) |
| 64 | EBITDA | $2,677.18 | $761.05 | $2,113.36 | ($657.15) |
| 65 | **Total Cash Flows** | **$2,677.18** | **$761.05** | **$2,113.36** | **($657.15)** |
| 66 | Carryforward | $6,943.54 | $9,620.72 | $10,381.77 | $12,495.13 |
| 67 | **Net Disposable Income** | **$9,620.72** | **$10,381.77** | **$12,495.13** | **$11,837.98** |

**EXHIBIT C**

**In Re: Double H Transportation, LLC**

**USBC-WDTX Case No. 20-31055-HCM**

# Plan Payment Projections (2021-2026)

| | Beginning Period | 2/1/2021 | 1/1/2022 | 1/1/2023 | 1/1/2024 | 1/1/2025 | 1/1/2026 |
|---|---|---|---|---|---|---|---|
| | End Period | 12/31/2021 | 12/31/2022 | 12/31/2023 | 12/31/2024 | 12/31/2025 | 5/31/2026 |
| | Year | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
| | **Income** | | | | | | |
| 1 | Truck 0723 Earnings | $233,500.00 | $252,500.00 | $252,500.00 | $252,500.00 | $252,500.00 | $101,500.00 |
| 2 | Total Income | $233,500.00 | $252,500.00 | $252,500.00 | $252,500.00 | $252,500.00 | $101,500.00 |
| 3 | | | | | | | |
| 4 | **Expenses** | | | | | | |
| 5 | Advertising and Promotion | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) |
| 6 | Contract Labor | (12,100.00) | (13,200.00) | (13,200.00) | (13,200.00) | (13,200.00) | (5,500.00) |
| 7 | Drug Screens | (148.00) | (148.00) | (148.00) | (148.00) | (148.00) | (37.00) |
| 8 | MVR | -- | -- | -- | -- | -- | -- |
| 9 | Medical Card | -- | (50.00) | -- | (50.00) | -- | (50.00) |
| 10 | Quick Pay Fee Expense (3%) | (7,260.00) | (7,920.00) | (7,920.00) | (7,920.00) | (7,920.00) | (3,300.00) |
| 11 | Broker Fee Expense | (7,040.00) | (7,680.00) | (7,680.00) | (7,680.00) | (7,680.00) | (3,200.00) |
| 12 | Fuel | (59,400.00) | (64,800.00) | (64,800.00) | (64,800.00) | (64,800.00) | (27,000.00) |
| 13 | Other Taxes | (1,400.00) | (1,400.00) | (1,400.00) | (1,400.00) | (1,400.00) | (350.00) |
| 14 | Inspections | (82.00) | (82.00) | (82.00) | (82.00) | (82.00) | (82.00) |
| 15 | Insurance (Truck and Trailer) | (23,287.00) | (25,404.00) | (25,404.00) | (25,404.00) | (25,404.00) | (10,585.00) |
| 16 | Meals and Entertainment | (1,100.00) | (1,200.00) | (1,200.00) | (1,200.00) | (1,200.00) | (500.00) |
| 17 | Office/Parking Rent | (770.00) | (840.00) | (840.00) | (840.00) | (840.00) | (350.00) |
| 18 | Payroll Taxes | (4,406.40) | (4,773.60) | (4,773.60) | (4,773.60) | (4,773.60) | (2,019.60) |
| 19 | Payroll - Hector Hernandez | (38,500.00) | (42,000.00) | (42,000.00) | (42,000.00) | (42,000.00) | (17,500.00) |
| 20 | Payroll - Yadira Hernandez | (8,800.00) | (9,600.00) | (9,600.00) | (9,600.00) | (9,600.00) | (4,000.00) |
| 21 | Company Healthcare Plan | -- | -- | -- | -- | -- | -- |
| 22 | Repairs and Maintenance | (22,000.00) | (24,000.00) | (24,000.00) | (24,000.00) | (24,000.00) | (10,000.00) |
| 23 | Tags and Permits | (1,450.00) | (1,450.00) | (1,450.00) | (1,450.00) | (1,450.00) | (1,450.00) |
| 24 | Supplies | (1,100.00) | (1,200.00) | (1,200.00) | (1,200.00) | (1,200.00) | (500.00) |
| 25 | Telephone Expense | (3,410.00) | (3,720.00) | (3,720.00) | (3,720.00) | (3,720.00) | (1,550.00) |
| 26 | Office Expense | (1,100.00) | (1,200.00) | (1,200.00) | (1,200.00) | (1,200.00) | (500.00) |
| 27 | Tolls and Scales | (2,200.00) | (2,400.00) | (2,400.00) | (2,400.00) | (2,400.00) | (1,000.00) |
| 28 | Travel Expense | (100.00) | (100.00) | (100.00) | (100.00) | (100.00) | (100.00) |
| 29 | | | | | | | |

# EXHIBIT C
## In Re: Double H Transportation, LLC
## USBC-WDTX Case No. 20-31055-HCM

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 30 | **Secured Claims** | | | | | | |
| 31 | FNB Financial | (20,200.00) | (24,400.00) | (26,062.50) | (24,375.00) | (20,312.50) | -- |
| 32 | Financial Pacific Leasing | (3,828.00) | (4,176.00) | -- | -- | -- | -- |
| 33 | Internal Revenue Service (Priority Unsecured) | (3,492.58) | (5,987.28) | (5,987.28) | (5,987.28) | (5,987.28) | (2,494.70) |
| 34 | | | | | | | |
| 35 | **Administrative Claims** | | | | | | |
| 36 | Subchapter V Trustee Fees | (350.00) | (600.00) | (600.00) | (600.00) | (600.00) | (250.00) |
| 37 | Chapter 11 Legal Fees and Costs | (3,500.00) | (6,000.00) | (6,000.00) | (6,000.00) | (6,000.00) | (2,500.00) |
| 38 | | | | | | | |
| 39 | **Unsecured Claims - Non-Priority** | | | | | | |
| 40 | ACE Card Express | - | - | - | - | - | - |
| 41 | Alfredo Campos | - | - | - | - | - | - |
| 42 | Barri Financial Group | - | - | - | - | - | - |
| 43 | Cedar Advance LLC | - | - | - | - | - | - |
| 44 | Christian Rodriguez | - | - | - | - | - | - |
| 45 | Complete Payment Recovery Services, Inc. | - | - | - | - | - | - |
| 46 | Element Transportation, LLC - 2013 Peterbilt 579 -Surrendered | - | - | - | - | - | - |
| 47 | ENG Commercial Finance - 2017 Kenworth T660 -Surrendered | - | - | - | - | - | - |
| 48 | ENG Commercial Finance - 2018 Kenworth T680 -Surrendered | - | - | - | - | - | - |
| 49 | Fleet One | - | - | - | - | - | - |
| 50 | Fox Capital 2 Group | - | - | - | - | - | - |
| 51 | Goodyear | - | - | - | - | - | - |
| 52 | Internal Revenue Service (Unsecured Amount) | - | - | - | - | - | - |
| 53 | Love's Travel Stops | - | - | - | - | - | - |
| 54 | Luz Adriana Warden | - | - | - | - | - | - |
| 55 | Melek | - | - | - | - | - | - |
| 56 | MHC Financial - 2018 Kenworth T680 -Surrendered | - | - | - | - | - | - |
| 57 | PACCAR Financial Corp. - 2015 Peterbilt 579 -Surrendered | - | - | - | - | - | - |
| 58 | Pilot | - | - | - | - | - | - |
| 59 | Platinum Rapid Funding Group | - | - | - | - | - | - |
| 60 | PLS Financial Services | - | - | - | - | - | - |
| 61 | Queen Funding LLC | - | - | - | - | - | - |
| 62 | Complete Business Solutions - Quick Spot Funding | - | - | - | - | - | - |
| 63 | R & A Trucking Inc. - 2008 Utility Reefer Trailer -Surrendered | - | - | - | - | - | - |
| 64 | Rapid Cash | - | - | - | - | - | - |
| 65 | Sprint | - | - | - | - | - | - |

# EXHIBIT C

## In Re: Double H Transportation, LLC

## USBC-WDTX Case No. 20-31055-HCM

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 66 | TD Auto Finance - 2018 Ford F150 Raptor -Surrendered | - | - | - | - | - | - |
| 67 | U.S. Department of Transportation - FMCSA | - | - | - | - | - | - |
| 68 | U.S. Trustee Quarterly Fees (19-31830) | - | - | - | - | - | - |
| 69 | Verizon | - | - | - | - | - | - |
| 70 | Past-Due Tolls | - | - | - | - | - | - |
| 71 | NYS Thruway Authority | - | - | - | - | - | - |
| 72 | New Jersey Turnpike Authority | - | - | - | - | - | - |
| 73 | **Total Expenses** | ($227,098.98) | ($254,405.88) | ($251,842.38) | ($250,204.88) | ($246,092.38) | ($94,893.30) |
| 74 | **EBITDA** | **$6,401.02** | **($1,905.88)** | **$657.62** | **$2,295.12** | **$6,407.62** | **$6,606.70** |
| 75 | **Total Cash Flows** | **$6,401.02** | **($1,905.88)** | **$657.62** | **$2,295.12** | **$6,407.62** | **$6,606.70** |
| 76 | Carryforward | $11,837.98 | $18,239.00 | $16,333.12 | $16,990.74 | $19,285.86 | $25,693.48 |
| 77 | **Net Disposable Income** | **$18,239.00** | **$16,333.12** | **$16,990.74** | **$19,285.86** | **$25,693.48** | **$32,300.18** |

# EXHIBIT B
## In Re: Double H Transportation, LLC
## USBC-WDTX Case No. 20-31055-HCM

**CLAIMS:**

| | POC | Amount | Treatment | Basis |
|---|---|---|---|---|
| 78 | **POC #1** - United States Trustee | $694.66 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-37 |
| 79 | **POC #2** - Pilot | $525.29 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-60 |
| 80 | **POC #3** - Bank Capital Services, LLC d/b/a F.N.B. Equipment Finance | $122,015.42 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-31 |
| 81 | **POC #4** - PACCAR Financial (Surrendered 2015 Peterbilt 579) | $54,135.22 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-59 |
| 82 | **POC #5** - Complete Business Solutions Group, Inc. (Quick Spot Funding) | $23,566.80 | Unallowed | Order Granting Objection To CLAIM#5 was filed 02/19/2021 (DOC#87) |
| 83 | **POC #6** - U.S. Department of Transportation - FMCSA | $3,710.00 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-40 |
| 84 | **POC #7** - MHC Financial Services | $87,883.49 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-58 |
| 85 | **POC #8** - Internal Revenue Service **(AMENDED)** | $38,364.85 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-33 and PPR-36 |
| 86 | **POC #9** - Financial Pacific Leasing, Inc. | $8,352.00 | Allowed | Due - Paid in Plan - See Exhibit C -PPR-32 |
| 87 | **POC #10 -** NYS Thruway Authority | $314.50 | Unallowed | Proof of Claim filed Late |
| 88 | **POC #11 -** New Jersey Turnpike Authority | $774.35 | Unallowed | Proof of Claim filed Late |

# EXHIBIT C
## In Re: Double H Transportation, LLC
## USBC-WDTX Case No. 20-31055-HCM

| | Creditor | Amount | Treatment | Basis |
|---|---|---|---|---|
| 89 | ACE Card Express (trade debt - returned check) | $2,965.00 | Allowed | No POC Filed - Paid in Plan - PPR-43 |
| 90 | Alfredo Campos (unsecured loan) | $35,000.00 | Allowed | No POC Filed - Paid in Plan - PPR-44 |
| 91 | Barri Financial Group (trade debt - returned check) | $1,380.00 | Allowed | No POC Filed - Paid in Plan - PPR-45 |
| 92 | Cedar Advance LLC | $28,366.00 | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 93 | Christian Rodriguez (unsecured loan) | $5,000.00 | Allowed | No POC Filed - Paid in Plan - PPR-47 |
| 94 | Complete Payment Recovery Services, Inc. (trade debt - returned check) | $630.32 | Allowed | No POC Filed - Paid in Plan - PPR-48 |
| 95 | Element Transportation, LLC (Surrendered 2013 Peterbilt 579) | unknown | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 96 | ENG Commercial Finance (Surrendered 2017 Kenworth T660) | unknown | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 97 | ENG Commercial Finance (Surrendered 2018 Kenworth T680) | unknown | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 98 | U.S. Department of Transportation - Federal Motor Carrier Safety Admin. | $3,710.00 | Allowed | No POC Filed - Paid in Plan - PPR-40 |
| 99 | Fleet One | $9,998.72 | Allowed | No POC Filed - Paid in Plan - PPR-52 |
| 100 | Fox Capital 2 Group | $13,124.00 | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 101 | Goodyear | $8,427.73 | Allowed | No POC Filed - Paid in Plan - PPR-54 |
| 102 | Love's Travel Stops | $18,509.17 | Allowed | No POC Filed - Paid in Plan - PPR-55 |
| 103 | Luz Adriana Warden | $675.00 | Allowed | No POC Filed - Paid in Plan - PPR-56 |
| 104 | Melek (trade debt - returned check) | $1,350.00 | Unallowed | No POC Filed - As per Melek No Amounts Due |
| 105 | Platinum Rapid Funding Group | $78,518.58 | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 106 | PLS Financial Services (trade debt - returned check) | $7,000.00 | Allowed | No POC Filed - Paid in Plan - PPR-62 |
| 107 | Queen Funding LLC | $29,724.50 | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 108 | R & A Trucking Inc. (Surrendered 2008 Utility Reefer Trailer) | $16,900.00 | Allowed | No POC Filed - Paid in Plan - PPR-65 |
| 109 | Rapid Cash (trade debt - returned check) | $2,990.00 | Allowed | No POC Filed - Paid in Plan - PPR-66 |
| 110 | Sprint | $571.60 | Allowed | No POC Filed - Paid in Plan - PPR-67 |
| 111 | TD Auto Finance (Surrendered 2018 Ford F150 Raptor) | unknown | Unallowed | No POC Filed - Listed as Unsecured in Schedule E/F -Contingent, Unliquidated, & Disputed |
| 112 | Verizon | $3,234.95 | Allowed | No POC Filed - Paid in Plan - PPR-69 |
| | **Past-Due Tolls:** | | | |
| 113 | CCRMA Toll Processing Services - Texas Toll Fees | $18.66 | Allowed | No POC Filed - Paid in Plan* |
| 114 | Commonwealth of Massachusetts - Massachusetts Toll Fees | $35.25 | Allowed | No POC Filed - Paid in Plan* |
| 115 | Delaware Department of Transportation - Delaware Toll Fees (4721) | $59.00 | Allowed | No POC Filed - Paid in Plan* |
| 116 | Delaware Department of Transportation - Delaware Toll Fees (5721) | $59.00 | Allowed | No POC Filed - Paid in Plan* |
| 117 | Express Toll - Colorado Toll Fees (8493) | $62.85 | Allowed | No POC Filed - Paid in Plan* |
| 118 | Express Toll - Colorado Toll Fees (0813) | $392.75 | Allowed | No POC Filed - Paid in Plan* |

# EXHIBIT C
## In Re: Salvador Loera Lara and Bertha Loera
## USBC-WDTX Case No. 19-31817-HCM

| | | | | |
|---|---|---|---|---|
| 119 | Express Toll - Colorado Toll Fees (1554) | $119.30 | Allowed | No POC Filed - Paid in Plan* |
| 120 | Express Toll - Colorado Toll Fees (5710) | $128.85 | Allowed | No POC Filed - Paid in Plan* |
| 121 | Express Toll - Colorado Toll Fees (4125) | $196.00 | Allowed | No POC Filed - Paid in Plan* |
| 122 | Express Toll - Colorado Toll Fees (2205) | $62.85 | Allowed | No POC Filed - Paid in Plan* |
| 123 | Express Toll - Colorado Toll Fees (2181) | $98.65 | Allowed | No POC Filed - Paid in Plan* |
| 124 | FDOT - Florida Toll Fees (8707) | $23.72 | Allowed | No POC Filed - Paid in Plan* |
| 125 | FDOT - Florida Toll Fees (4694) | $45.39 | Allowed | No POC Filed - Paid in Plan* |
| 126 | HCTRA - Violations (3416) | $43.00 | Allowed | No POC Filed - Paid in Plan* |
| 127 | HCTRA - Violations (7015) | $60.00 | Allowed | No POC Filed - Paid in Plan* |
| 128 | Kansas Turnpike Authority (1594) | $104.26 | Allowed | No POC Filed - Paid in Plan* |
| 129 | Kansas Turnpike Authority (9168) | $52.13 | Allowed | No POC Filed - Paid in Plan* |
| 130 | Maryland Transportation Authority (5194) | $46.71 | Allowed | No POC Filed - Paid in Plan* |
| 131 | Maryland Transportation Authority (0001) | $113.00 | Allowed | No POC Filed - Paid in Plan* |
| 132 | Maryland Transportation Authority (5538) | $99.00 | Allowed | No POC Filed - Paid in Plan* |
| 133 | NC Quick Pass | $55.16 | Allowed | No POC Filed - Paid in Plan* |
| 134 | NJ E-Zpass (8474) | $23.75 | Allowed | No POC Filed - Paid in Plan* |
| 135 | NJ E-Zpass (4454) | $50.00 | Allowed | No POC Filed - Paid in Plan* |
| 136 | NJ E-Zpass (4501) | $74.95 | Allowed | No POC Filed - Paid in Plan* |
| 137 | North Texas Tollway Authority (0303) | $45.52 | Allowed | No POC Filed - Paid in Plan* |
| 138 | North Texas Tollway Authority (7515) | $111.94 | Allowed | No POC Filed - Paid in Plan* |
| 139 | North Texas Tollway Authority (B136) | $16.24 | Allowed | No POC Filed - Paid in Plan* |
| 140 | North Texas Tollway Authority (C694) | $40.70 | Allowed | No POC Filed - Paid in Plan* |
| 141 | North Texas Tollway Authority (7964) | $61.04 | Allowed | No POC Filed - Paid in Plan* |
| 142 | North Texas Tollway Authority (5954) | $316.74 | Allowed | No POC Filed - Paid in Plan* |
| 143 | Oklahoma Turnpike Authority | $25.00 | Allowed | No POC Filed - Paid in Plan* |
| 144 | Pennsylvania Turnpike Commission (9287) | $86.30 | Allowed | No POC Filed - Paid in Plan* |
| 145 | Pennsylvania Turnpike Commission (2706) | $61.40 | Allowed | No POC Filed - Paid in Plan* |
| 146 | Professional Account Management, LLC | $183.60 | Allowed | No POC Filed - Paid in Plan* |
| 147 | RiverLink | $72.30 | Allowed | No POC Filed - Paid in Plan* |
| 148 | Southern Connector Service Center | $62.00 | Allowed | No POC Filed - Paid in Plan* |
| 149 | TxTag (0430) | $15.45 | Allowed | No POC Filed - Paid in Plan* |
| 150 | TxTag (2654) | $15.59 | Allowed | No POC Filed - Paid in Plan* |
| 151 | TxTag (0746) | $41.36 | Allowed | No POC Filed - Paid in Plan* |

**\* All combined and Paid in Plan - PPR-70**

# EXHIBIT D

**CASE NAME:** Double H Transportation, LLC

**CASE NUMBER:** 20-31055

SMALL BUSINESS MONTHLY OPERATING REPORT - EXHIBIT B-1

| CASH RECEIPTS AND DISBURSEMENTS | MONTH 2020 October | MONTH 2020 November | MONTH 2020 December | MONTH 2021 January | MONTH | MONTH | Six Months To Date |
|---|---|---|---|---|---|---|---|
| 1. CASH-BEGINNING OF MONTH | $ 6,943.54 | $ 9,620.72 | $ 10,381.77 | $ 12,495.13 | | | $ 6,943.54 |
| **RECEIPTS:** | | | | | | | |
| 2. CASH SALES | 19,483.93 | 22,438.28 | 19,580.73 | 16,535.39 | | | 78,038.33 |
| 3. COLLECTION OF ACCOUNTS RECEIVABLE | | | | | | | 0.00 |
| 4. LOANS & ADVANCES (attach list) | | | | | | | 0.00 |
| 5. SALE OF ASSETS | | | | | | | 0.00 |
| 6. OTHER (attach list) | | | | | | | 0.00 |
| TOTAL RECEIPTS** | $ 19,483.93 | $ 22,438.28 | $ 19,580.73 | $ 16,535.39 | $ 0.00 | $ 0.00 | $ 78,038.33 |
| (Withdrawal) Contribution by Individual Debtor MFR-2* | | | | | | | 0.00 |
| **DISBURSEMENTS:** | | | | | | | |
| 7. NET PAYROLL | 4,056.10 | 4,240.80 | 4,240.80 | 5,283.00 | | | 17,820.70 |
| 8. PAYROLL TAXES PAID | 804.00 | 1,096.80 | 926.40 | 933.22 | | | 3,760.42 |
| 9. SALES, USE & OTHER TAXES PAID | 5.51 | 294.42 | | 60.00 | | | 359.93 |
| 10. SECURED/RENTAL/LEASES | | 230.00 | 230.00 | 230.00 | | | 690.00 |
| 11. UTILITIES & TELEPHONE | 153.79 | 307.60 | 490.49 | 123.80 | | | 1,075.68 |
| 12. INSURANCE | 901.65 | 3,599.39 | 2,805.32 | 1,420.28 | | | 8,726.64 |
| 13. INVENTORY PURCHASES | | | | | | | 0.00 |
| 14. VEHICLE EXPENSES | 7,714.00 | 8,502.30 | 6,392.26 | 7,738.10 | | | 30,346.66 |
| 15. TRAVEL & ENTERTAINMENT | 179.85 | 22.51 | 59.38 | 158.18 | | | 419.92 |
| 16. REPAIRS, MAINTENANCE & SUPPLIES | 2,832.91 | 3,228.38 | 1,961.33 | 918.60 | | | 8,941.22 |
| 17. ADMINISTRATIVE & SELLING | 56.99 | 70.15 | 108.49 | 143.41 | | | 379.04 |
| 18. OTHER (attach list) | 101.95 | 84.90 | 252.90 | 183.95 | | | 623.70 |
| TOTAL DISBURSEMENTS FROM OPERATIONS | $ 16,806.75 | $ 21,677.25 | $ 17,467.37 | $ 17,192.54 | $ 0.00 | $ 0.00 | $ 73,143.91 |
| 19. PROFESSIONAL FEES | | | | | | | 0.00 |
| 20. U.S. TRUSTEE FEES | | | | | | | 0.00 |
| 21. OTHER REORGANIZATION EXPENSES (attach list) | | | | | | | 0.00 |
| TOTAL DISBURSEMENTS** | $ 16,806.75 | $ 21,677.25 | $ 17,467.37 | $ 17,192.54 | $ 0.00 | $ 0.00 | $ 73,143.91 |
| 22. NET CASH FLOW | 2,677.18 | 761.03 | 2,113.36 | (657.15) | 0.00 | 0.00 | 4,894.42 |
| 23. CASH - END OF MONTH (SMOR-2) | $ 9,620.72 | $ 10,381.75 | $ 12,495.13 | $ 11,837.98 | $ 0.00 | $ 0.00 | $ 11,837.96 |

\* Applies to Individual debtors only

**SBMOR-Exhibit B-1**

\*\*Numbers for the current month should balance (match)
RECEIPTS and CHECKS/OTHER DISBURSEMENTS lines on SBMOR-Exhibit B-2

Revised 01 31 2014